# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1498 (AG) (ANx) | Date | September 19, 2012 |
|---|---|---|---|
| Title | DURST V. FIRST SOUTHERN CAPITAL DEVELOPMENT CORPORATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

**Proceedings:**   **[IN CHAMBERS] ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

The complaint seeks to allege diversity jurisdiction. *See* 28 U.S.C. § 1332. However, the exercise of diversity jurisdiction would be improper for the reason(s) checked below:

[X]   The complaint sets forth only the residence, rather than the citizenship, of the parties, but diversity or alienage is based upon a party's citizenship. *See* 28 U.S.C. 1332(a).

[ ]   A corporation is joined as a party. The complaint fails to set forth either the corporation's state of incorporation or its principal place of business (both must be set forth). *See* 28 U.S.C. § 1332(c).

[ ]   A partnership or unincorporated association is joined as a party. For diversity or alienage jurisdiction to be proper, none of the partners or members, including limited partners, can be a citizen of the same state as any opposing party. The citizenship of all the entity's partners must therefore be alleged. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 192-96, 110 S. Ct. 1015, 1019-21, 108 L. Ed. 2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1498 (AG) (ANx) | Date | September 19, 2012 |
|---|---|---|---|
| Title | DURST V. FIRST SOUTHERN CAPITAL DEVELOPMENT CORPORATION | | |

157 (1990); *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group*, 823 F.2d 302, 304 (9th Cir. 1987).

[ ]  The complaint alleges at least one of the parties is a limited liability company, but the complaint fails to allege the citizenship of each of its members, as required in a determination of diversity jurisdiction under section 1332(a). *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")

[X]  All plaintiffs are not diverse from all defendants. *See* 28 U.S.C. § 1332; *see also Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

[X]  The complaint fails to allege the citizenship of one or more parties. *See* 28 U.S.C. § 1332.

[ ]  The complaint fails to allege an amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332.

[ ]  Defendant did not timely remove the Complaint. *See* 28 U.S.C. § 1446(b).

Accordingly, the Court orders Plaintiff(s) to show cause in writing within 14 days of the date of this order why this action should not be dismissed for lack of subject matter jurisdiction. Defendant(s) may submit a response in the same time period. An amended complaint correcting the deficiencies will be deemed a sufficient response to this order to show cause.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |